MEMORANDUM **
Carroll Sievers petitions for review of the order of the Department of Labor’s Administrative Review Board (“ARB”) denying his complaint under the Whistle-blower Protection Provision of the Wendell H. Ford Aviation Investment and Reform Act for the 21st Century (“AIR 21”), 49 U.S.C. § 42121. The facts are known to the parties, and we do not repeat them here except as necessary.
I
We review the ARB’s decision pursuant to the Administrative Procedure Act (“APA”). Id. § 42121(b)(4)(A). Under the APA, “the ARB’s legal conclusions must be sustained unless they are arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, and its findings of fact must be sustained unless they are unsupported by substantial evidence in the record as a whole.” Calmat Co. v. U.S. Dep’t of Labor, 364 F.3d 1117, 1121 (9th Cir.2004) (citing 5 U.S.C. § 706(2)).
*203 We review the decision of the ARB, not the decision of the Administrative Law Judge (“ALJ”), id., and we defer to the inferences that the ARB derives from the evidence, not to those of the ALJ, Mackowiak v. Univ. Nuclear Sys., Inc., 735 F.2d 1159, 1162 (9th Cir.1984).
“Substantial evidence is more than a mere scintilla. It means such relevant evidence, as a reasonable mind might accept as adequate to support a conclusion.” Maka v. United States I.N.S., 904 F.2d 1351, 1355 (9th Cir.1990) (internal quotation marks omitted). Although the evidence is susceptible to different interpretations, we “may not displace the agency’s choice between two fairly conflicting views.” Lockert v. United States Dep’t of Labor, 867 F.2d 513, 520 (9th Cir.1989).
II
The ARB concluded that Sievers failed to prove by a preponderance of the evidence that his protected activity was a contributing factor in his termination by Alaska Airlines.[1]
A
Lacking direct evidence of retaliation, Sievers argued to the ARB that Alaska’s proffered reason for terminating him was mere pretext.[2] The ARB concluded that because the record as a whole demonstrated that Alaska terminated him for time card fraud, the tenuous circumstantial evidence of causation was insufficient to sustain his burden.
In support of Sievers’ causation argument, the ARB found that (1) there was temporal proximity between the engine vibration incident and Sievers’ termination; (2) Alaska Airlines expressed concerns about flight delays caused by the Portland maintenance department; and (3) Alaska failed to investigate Lloyd Golden’s involvement in time card padding.
However, the ARB also found that Alaska showed no retaliatory animus toward Sievers, who received an outstanding performance review after the engine vibration incident. Moreover, Alaska repeatedly warned the supervisors that time card alterations were forbidden and could lead to termination, and it even disciplined one of the managers for engaging in that practice. Despite Sievers’ claim of disparate treatment, Alaska terminated all of the supervisors who altered time cards, and Sievers makes no allegation that they also engaged in protected activity. As to the investigation in Los Angeles, the ARB identified several reasons supported by the record explaining why it was not as thorough as the one in Portland.
In light of the record as a whole, we cannot say that the ARB’s findings were inadequate to support its decision. Constrained as we are by the APA’s deferen *204 tial standard of review, we hold that the decision was not arbitrary or capricious.
Ill
Accordingly, the petition for review is DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. The ARB concluded that Sievers’ participation in the engine vibration incident in the spring of 2003 was protected activity, and Respondents conceded at oral argument that they have waived any argument to the contrary. Therefore, we assume without deciding that he engaged in protected activity. Because the ARB's decision is based on its holding that Sievers engaged in some protected activity but failed to demonstrate causation, we need not address the scope of the protected activity.

. The Supreme Court has noted that ’’[p]roof that the defendant’s explanation is unworthy of credence is simply one form of circumstantial evidence that is probative of intentional discrimination, and it may be quite persuasive.” Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 147, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000). This court has extended this reasoning to retaliation cases. See, e.g., Hernandez v. Spacelabs Med., Inc., 343 F.3d 1107, 1113 (9th Cir.2003).